**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : Case: 1:26−mj−00122 |
| **ANTONIO SIMPSON** | : Assigned To : Upadhyaya, Moxila A. |
| | : Assign. Date : 7/22/2026 |
| **Defendant.** | : Description: COMPLAINT W/ARREST WARRANT |
| | : |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Thomas Sullivan, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.     I submit this affidavit in support of a criminal complaint charging ANTONIO SIMPSON with violations of 18 U.S.C. § 2251(a) and (e) (production/attempted production of child pornography) and 18 U.S.C. § 2252(a)(4) (possession of child pornography). Specifically, beginning sometime in 2024, SIMPSON produced child pornography with two different minor victims.

2.     Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is described in substance and is not intended to be a verbatim recitation of such statement. Wherever in this affidavit I quote statements, those quotations have been taken from draft transcripts, which are subject to further revision.

3.     Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I've drawn therefrom.

**AFFIANT BACKGROUND**

4.     I am a Detective with the Metropolitan Police Department of the District of

1

Columbia (MPDC). I have been employed by the MPDC since 2009. I am currently assigned as a Special Deputy United States Marshal to the Federal Bureau of Investigation (FBI) / MPDC Child Exploitation Task Force (CETF) and Northern Virginia Regional Internet Crimes Against Children (ICAC) Task Force, where my duties include investigating cases pertaining to the sexual exploitation of children and online offenses involving children, including the production, advertisement, transportation, distribution, receipt, and possession of child pornography. During my tenure with the MPDC, I have been assigned to the Third District Patrol Operations, Third District Crime Suppression Team, Third District Vice Unit, Homeland Security Bureau Intelligence Fusion Unit, and, since 2013, to the Youth and Family Services Division (YFSD) where I worked in the Physical and Sexual Abuse Branch (PSAB) prior to being assigned to the task force. I have gained experience through training with the MPDC and in my everyday work related to conducting these types of investigations. Moreover, I am a law enforcement officer who is engaged in enforcing criminal laws, including offenses in violation of 18 U.S.C. § 2251(d) "Advertisement of Child Pornography,"18 U.S.C. § 2252(a)(2)(A) "Distribution of Child Pornography," and 18 U.S.C. § 2252(a)(4)(b)(i) "Possession of Child Pornography." As such, I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.  It does not set forth all of my knowledge, or the knowledge of others, about this matter.

6.      Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. § 2251(a) and (e) (production/attempted production of child pornography) and 18 U.S.C. § 2252 (a)(4) (possession of child pornography). (hereafter, the "TARGET OFFENSES") have been committed by SIMPSON.

**PROBABLE CAUSE**

7.      On July 21, 2026, at 0040 hours, uniformed members of the Metropolitan Police Department's (MPD) Sixth District responded to 2217 Minnesota Avenue SE #X, in reference to an assault in progress.  Upon arrival the officers heard the loud sounds of fighting from outside the building. Adult Witness 1 (AW1) eventually opened the door to the apartment building and appeared to be in visible distress.  AW1 advised the Sixth District members that she had observed a video on the cellular phone of Antonio Simpson (SIMPSON), ███████████████ ██████████ engaged in a sexual act with ███ 10-year-old ██████████ (Minor Victim 1 or MV1).[1] AW1 advised that after seeing the video she located SIMPSON and MV1 together in a bed in the apartment.  AW1 advised that she confronted SIMPSON, called 911, and struck him in the face with a box fan which resulted in a visible injury to SIMPSON's face.

8.      SIMPSON was located within the apartment and detained along with AW1 due to the suspected assault.  When law enforcement first entered the apartment, SIMPSON stated, "I got caught up doing some real sick shit."  MV1 was also located within the apartment and disclosed to the members that she had been asleep and woke up to SIMPSON rubbing his penis between her legs.  Initially, MV1 said it was the first time this had happened.

---

[1] ██████████████████████.

9.      Detective Aaron Makanoff assigned to the MPD's Physical and Sexual Abuse Unit (PSAU) was notified of the sexual assault and responded to 2217 Minnesota Avenue SE, #X.

10.      AW1 was interviewed by Detective Makanoff who determined that AW1 may have believed she was protecting MV1 from SIMPSON after locating them in bed and viewing the video of MV1's sexual assault. ██████████████████████████████

████████████████████████████████████████████████

████████████

11.      AW1 advised at approximately 12:30 am, she was laying in the living room of 2217 Minnesota Avenue SE, #X while MV1 and SIMPSON were in MV1's bedroom possibly watching television together.  AW1 heard SIMPSON's cellular phone, which was in the living room, begin to ring loudly.  SIMPSON's phone is a gray in color Google cellular phone ("the Google phone") which was located within the residence and seized as evidence.

12.      AW1 picked up the Google phone to silence the ring but unlocked the Google phone with her thumb unintentionally.  AW1 observed a screenshot on the Google phone of a female's body that appeared smaller and underdeveloped.  AW1 initially believed it was pornography that SIMPSON enjoyed but discovered additional videos as she swiped through media content on the Google phone.

13.      AW1 found multiple videos while looking at the Google phone of SIMPSON engaged in sexual acts or contacts with MV1 in MV1's bedroom.  AW1 described one of the videos depicting MV1 nude from the waist down straddling SIMPSON while SIMPSON's penis was exposed.  MV1 was wearing pajamas that she had recently purchased for her.  AW1 also recognized SIMPSON in the video due to a distinctive tattoo on his arms, and during the video,

4

SIMPSON's face was observed by AW1.  AW1 advised that she used her own cellular phone to record one of the videos prior to calling 911.  Detective Makanoff was provided with a copy of this video which was turned over to your affiant.

14.    Your affiant reviewed the video provided by AW1 to Detective Makanoff and found that it appeared to be a recording by one cellular phone of another while a video was being played.  The video displayed what appeared to be a prepubescent female nude from the waist down wearing purple pajamas with black cats.  The female's buttocks are exposed to the camera, and a person's forearm is briefly visible in the video with the tattoo below visible,



15.    An adult male's erect penis is then observed rubbing against the child's inner thigh while her buttocks move up and down.

16.    The individual recording the video then swipes right to a second video which starts recording and displays a pixelated image of an adult male that AW1 identifies as SIMPSON.  The video then flips and shows the same child nude from the waist down wearing a yellow bra.  The child is again gyrating her buttocks up and down and appears to be straddling SIMPSON while he has a hand on her buttock.

5

17.     MV1 was briefly interviewed by Detective Makanoff, and she reported that she has known SIMPSON for approximately seven years.  MV1 advised that she had woken up at approximately 12:00 am, in her bed, to SIMPSON rubbing his "D.I.C.K." on her unclothed vagina.  SIMPSON did this until he fell asleep in MV1's bed.

18.     Detective Makanoff showed MV1 the video provided by AW1 and MV1 advised that the two people in the video were SIMPSON and herself.  MV1 was unsure when the video was recorded but believed she was nine years old in the video.

19.     MV1 advised that SIMPSON would engage her in sexual acts when her mother, AW1, would go to the gym during the day.  MV1 reported that SIMPSON had penetrated her mouth with his penis on one occasion when she was ten years old in her apartment in D.C.

20.     MV1 reported that she had also witnessed SIMPSON penetrating the mouth of her eight-year-old ███████████ (Minor Victim 2 or MV2) with his penis in her home's bathroom. MV1 indicated that this assault had occurred approximately a week ago.

21.     A member of the MPD photographed the state of MV1's bedroom after the call for service.  The member photographed MV1's pajamas which were located within the room and appeared to be the same pajamas from the video.



22. SIMPSON was arrested and charged at that time with First Degree Child Sexual Abuse and Second Degree Child Sexual Abuse and transported to a hospital for medical care. SIMPSON was then transported to the Sixth District.

23. Detective Makanoff advised SIMPSON of his Miranda Rights which he waived at that time and agreed to speak with Detective Makanoff. The interview was audio and video recorded and conducted within the Sixth District's Detective Office.

24. SIMPSON initially reported that the videos on his cellular phone (TARGET DEVICE) are artificial intelligence (AI) generated but later advised that he had created the videos. SIMPSON reported that there are approximately forty videos of MV1 and MV2 on the TARGET DEVICE depicting them being sexually abused. SIMPSON indicated that the most recent video was created approximately a week ago of MV2. SIMPSON advised that he knows the MV1 is ten years old and MV2 is eight years old. SIMPSON reported that he started sexually abusing MV1 at nine years old and started sexually abusing MV2 at eight years old. SIMPSON indicated that the videos were MV1's idea because she had been watching pornography and wanted to create her own videos.

7

25.     Detective Makanoff photographed SIMPSON's tattoos on his body which included the following photograph of a tattoo on SIMPSON's forearm.  The tattoo appears to be the same tattoo which is visible in the video recorded by ELLIOTT and turned over to MPD.



**CONCLUSION**

26.     For the reasons set forth above, I submit that probable cause exists to believe that, on or about between August 1, 2024 and July 21, 2026, SIMPSON committed violations of 18 U.S.C. § 2251(a) and (e) (production/attempted production of child pornography) and 18 U.S.C. § 2252(a)(4) (possession of child pornography).  I respectfully request that a criminal complaint be issued for SIMPSON.

Respectfully submitted,

Thomas Sullivan
Detective
Metropolitan Police Department of D.C.

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 and 41(d)(3) via telephone on July 22, 2026.

_____
The Honorable Moxila A. Upadhyaya
United States Magistrate Judge